# IN THE SUPREME COURT OF IOWA

No. 09–1146

Filed November 19, 2010

**STATE OF IOWA,**

Appellee,

vs.

**WILLIAM JOHN BIXBY, JR.,**

Appellant.

Appeal from the Iowa District Court for Muscatine County, Gary P. Strausser, District Associate Judge.

The defendant appeals a ruling by the district court overruling his motion to suppress.  **AFFIRMED.**

Mark C. Smith, State Appellate Defender, David Arthur Adams, Assistant State Appellate Defender, and Tyler L. Eason, Student Legal Intern, for appellant.

Thomas J. Miller, Attorney General, Darrel L. Mullins, Assistant Attorney General, Gary R. Allison, County Attorney, and Korie L. Shippee, Assistant County Attorney, for appellee.

**PER CURIAM.**

On the evening of September 18, 2008, Muscatine County detective Michael Bailey was working as a traffic-enforcement patrol officer in a marked sheriff's department patrol car. That evening, Bailey observed a truck stopped at the stop sign at the end of Iron City Avenue, facing Highway 22. Bailey recognized the truck because he had driven past William John Bixby, Jr.'s residence many times and observed it parked outside. Bailey also believed Bixby did not have a valid driver's license.

For approximately one and a half to two minutes, the truck sat at the stop sign with its left turn signal blinking. Eventually, the truck turned left onto Highway 22, heading eastbound. Bailey could not see into the vehicle to identify who was driving, so he followed it. As Bailey followed the truck, he ran the truck's license plate number and confirmed that Bixby was the truck's registered owner. Bailey also asked the dispatcher to check Bixby's driving history to see if he had a valid driver's license. The dispatcher informed Bailey that Bixby's license was currently revoked, and he could not operate a motor vehicle. Subsequently, Bailey activated his emergency lights and initiated a traffic stop. Bailey did not observe the truck commit any traffic violations prior to initiating the traffic stop. Instead, Bailey's sole reason for stopping the truck was the fact that the registered owner, Bixby, did not have a valid driver's license.

Bailey exited his patrol car, approached the truck, and made contact with the driver, Bixby. He observed that Bixby was the sole occupant of the vehicle. Bailey then told Bixby he did not have a valid driver's license and asked him why he was driving. Bixby stated he was traveling to his sister's house in Muscatine to take a shower because he still did not have any water at his house, due to recent flooding in the

area. As Bailey was conversing with Bixby, he noticed a strong odor of intoxicating liquor coming from inside the truck. After noticing this, Bailey ordered Bixby to turn the truck off and exit the vehicle. Bailey also asked Bixby how long it had been since he had consumed a drink; Bixby responded, two hours.

Bailey performed three field sobriety tests on Bixby—the horizontal and vertical gaze nystagmus test, the walk-and-turn test, and the one-leg-stand test. Bixby performed and failed the nystagmus tests, refused to perform the walk-and-turn test, and attempted to perform but failed the one-leg-stand test. After performing the field sobriety tests, Bailey placed Bixby under arrest for an OWI and transported him to jail. At the jail, Bixby refused a chemical test and an interview.

The State charged Bixby with operating a motor vehicle while intoxicated (second offense) in violation of Iowa Code section 321J.2(1)(*a*) (2007) and driving while revoked in violation of Iowa Code section 321J.21. Bixby pleaded not guilty to the charges. Bixby filed a motion to suppress evidence, arguing Bailey initiated the traffic stop of Bixby's vehicle without probable cause. The district court denied Bixby's motion to suppress and held Bailey had reasonable suspicion to initiate the traffic stop. Bixby pleaded guilty to the charge of driving while revoked, and the OWI charge proceeded to trial.

The jury returned a verdict finding Bixby guilty of operating a motor vehicle while intoxicated (second offense) in violation of Iowa Code section 321J.2(1)(*a*). After sentencing, Bixby filed a notice of appeal.

In a case decided today, *State v. Vance*, 790 N.W.2d 775 (Iowa 2010), we held

> an officer has reasonable suspicion to initiate an
> investigatory stop of a vehicle to investigate whether the

> driver has a valid driver's license when the officer knows the registered owner of the vehicle has a suspended license, and the officer is unaware of any evidence or circumstances indicating the registered owner is not the driver of the vehicle.

*Vance*, 790 N.W.2d at 781.

Our ruling in *Vance* controls here. Because we find Bailey had reasonable suspicion to initiate an investigatory stop of the vehicle to investigate whether the driver had a valid driver's license, the district court was correct in overruling Bixby's motion to suppress. Therefore, we affirm the judgment of the district court.

**AFFIRMED.**

This opinion shall not be published.